# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 06-102-GF-BMM-JTJ |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| ROBERT MATTHEW PAUL MITCHELL, SR., | |
| Defendant. | |

## I. Synopsis

Defendant Robert Matthew Paul Mitchell, Sr. (Mitchell) has been accused of violating the conditions of his supervised release. Mitchell admitted the alleged violation. Mitchell's supervised release should be revoked. Mitchell should be placed in custody for 9 months, with a lifetime of supervised release to follow. Mitchell should serve the first 60 days of supervised release in a secure inpatient drug treatment facility.

## II. Status

Mitchell pleaded guilty to Sexual Abuse on December 27, 2006. (Doc. 20). The Court sentenced Mitchell to 150 months of custody, followed by supervised release for life. (Doc. 25). Mitchell's current term of supervised release began on

January 16, 2019. (Doc. 67 at 2).

**Petition**

The United States Probation Office filed a Petition on August 13, 2019, requesting that the Court revoke Mitchell's supervised release. (Doc. 67). The Petition alleged that Mitchell had violated the conditions of his supervised release by failing to notify his probation officer of a change in residence.

**Initial appearance**

Mitchell appeared before the undersigned for his initial appearance on October 21, 2019. Mitchell was represented by counsel. Mitchell stated that he had read the petition and that he understood the allegations. Mitchell waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on October 21, 2019, and on October 29, 2019. Mitchell admitted that he had violated the conditions of his supervised release by failing to notify his probation officer of a change in residence. The violation is serious and warrants revocation of Mitchell's supervised release.

Mitchell's violation is a Grade C violation. Mitchell's criminal history

category is V. Mitchell's underlying offense is a Class C felony. Mitchell could be incarcerated for up to 24 months. Mitchell could be ordered to remain on supervised release for up to life, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 7 to 13 months.

### III. Analysis

Mitchell's supervised release should be revoked. Mitchell should be incarcerated for 9 months, with a lifetime of supervised release to follow. Mitchell should serve the first 60 days of supervised release in a secure inpatient drug treatment facility. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Mitchell that the above sentence would be recommended to Judge Morris. The Court also informed Mitchell of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Mitchell that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> That Robert Matthew Paul Mitchell, Sr. violated the conditions of his supervised release by failing to notify his probation officer of a change in residence.

The Court **RECOMMENDS:**

> That the District Court revoke Mitchell's supervised release and commit Mitchell to the custody of the United States Bureau of Prisons for a term of 9 months, with a lifetime of supervised release to follow. Mitchell should serve the first 60 days of supervised release in a secure inpatient drug treatment facility.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a

district court judge.

DATED this 29th day of October, 2019.

John Johnston
United States Magistrate Judge

5